UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD BERNARD BURGESS, JR.,

    Plaintiff,

    v.                                          Case No. 20-cv-1375-pp

CORRECTIONAL OFFICER PEREZ-GERENA,
CO VELEZ, and MILWAUKEE COUNTY SHERIFF'S OFFICE,

    Defendants.

**ORDER DENING MOTION TO WAIVE INITIAL PARTIAL FILING FEE (DKT. NO. 14), DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 14), DENYING LETTER REQUEST TO ADD DEFENDANT (DKT. NO. 15) AND ORDERING PLAINTIFF TO PAY INITIAL PARTIAL FILING FEE TO AVOID DISMISSAL OF CASE**

On January 27, 2021, the court granted the plaintiff's motion for an extension of time pay the filing fee, denied as unnecessary his second motion for leave to proceed without prepaying the filing fee, denied his two requests to waive payment of the initial partial filing fee and denied without prejudice his motion to appoint counsel. Dkt. No. 13. The court ordered that by the end of the day on March 26, 2021, the plaintiff must pay the $14.83 initial partial filing fee. Id. at 8–9. The court warned the plaintiff that if he did not pay the initial partial filing fee by March 26, 2021, the court would dismiss this case without prejudice. Id.

On March 29, 2021—three days *after* the deadline by which the court had ordered the plaintiff to pay the initial partial filing fee—the court received a letter from the plaintiff saying that he was constantly being moved from "one

federal hold county to the next." Dkt. No. 14. He stated that he was writing to let the court know of his new location, and to ask "for the three newest complaints to be waived of the filing fee, as the Burgess v. Milwaukee Police Department filing fee was waived." Id. He reiterated that he was indigent and repeated his request that the court appoint counsel to represent him. Id. He indicated that he had tried to hire counsel himself, but that "due to the constant moving there must not have been a forwarded of mail." Id.

When the plaintiff filed *this* lawsuit in September 2020, he was in the Milwaukee County Jail. Dkt. No. 1. In October 2020, he was transferred to the Waukesha County Jail. Dkt. Nos. 8, 8-1. As of January 2021, the plaintiff was in transit from Wisconsin to his BOP designation and was housed in Cimarron Correctional Facility in Oklahoma. Dkt. No. 12. He since has arrived at his designated facility—Federal Correctional Institution Beckley in Beaver, West Virginia. https://www.bop.gov/inmateloc/.

The court explained in its January 27, 2021 order why it would not waive the initial partial filing fee for this case:

> Since December 30, 2019, the plaintiff has filed four lawsuits in this district: Case No. 19-cv-1901 (filed December 30, 2019); Case No. 20-cv-1352 (filed September 1, 2020); Case No. 20-cv-1375 (filed September 4, 2020); and Case No. 20-cv-1444 (filed September 15, 2020). In each case, he has asked the court to waive the initial partial filing fee. In the first case—Case No. 19-cv-1901—Magistrate Judge William E. Duffin declined several times to waive the initial partial filing fee because in the six months before he filed the case, the plaintiff received over $700 in deposits, but spend almost all of it on phone calls. Case No. 19-cv-1901 at Dkt. No. 16, pp. 2-3. Finally, on July 23, 2020, after over six months of the plaintiff asking the court to waive the initial partial filing fee and the court declining to do so, this court waived the fee and required the plaintiff to pay the full $350 filing fee over time. Id. at 9.

2
Case 2:20-cv-01375-PP   Filed 02/28/22   Page 2 of 6   Document 16

Less than two months later, on September 1, 2020, the plaintiff filed this lawsuit. After the court ordered the plaintiff to pay $14.83 as an initial partial filing fee, the court received on October 13, 2020 the plaintiff's letter asking the court to waive the initial partial filing fee or give him more time to pay it. Dkt. No. 8. While the plaintiff's trust account statement for January through August 2020 shows that as of the end of August he did not have enough money to pay the initial partial filing fee, that document also shows that the plaintiff has continued his habit of spending almost all of his money on phone calls. Dkt. No. 5. In the months leading up to the filing of the complaint in this case, the plaintiff received deposits of $50 in February, $45 in March, $90 in May, $110 in June and $200 in July—a total of $495. Id. He also received "return credits" totaling $42.34. Id. He spent most of that money on phone calls. Id. The events he describes in his complaint occurred in May and August 2020; between the date of the May incident and the dates of the August incidents, he received $360 in deposits and $42 in return credits and spent all that money. Though the plaintiff said in November that he had not received any money in months, dkt. no. 12, and said in January that he still could not pay the filing fees, dkt. no. 13, the fact remains that the plaintiff spent a significant amount of money on phone calls before filing this lawsuit—just like he did before filing the 2019 lawsuit.

The more recent trust account statement made clear to the court that the plaintiff had not been truthful with the court about not having enough money to pay the initial partial filing fee in Case No. 19-cv-1901. All along, the plaintiff has been receiving deposits—in some cases, significant deposits. Rather than use those deposits to pay court filing fees for cases he has chosen to file, he used those deposits to make phone calls and buy things from the canteen. It is the plaintiff's prerogative to decide how he wants to spend his money. But his choice is between spending his money on phone calls or proceeding with his court cases. And he is obligated to tell the court the truth about the money he has available. On January 26, 2021, the court issued an order to show cause in that case, requiring the plaintiff to show cause why the court should not dismiss that case for the plaintiff's misrepresentations about his ability to pay the initial partial filing fee in Case No. 19-cv-1901. If the plaintiff does not provide the court with a satisfactory explanation by March 5, 2021, the court will dismiss Case No. 19-cv-1901.[1]

---

[1] The plaintiff did not respond by March 5, 2021 to the order to show cause that the court issued in Case No. 19-cv-1901, and the court dismissed that case on March 15, 2021. Burgess v. Litwin, et al., Case No. 19-cv-1901 at Dkt. No. 21.

> Courts must consider not only a plaintiff's current assets—the money he has right now—but the money he earned, received, etc. over the six months before he filed his lawsuit when calculating the initial partial filing fee and when determining whether it is appropriate to waive an initial partial filing fee. In the months leading up to the filing of this lawsuit, the plaintiff received more than enough to pay the initial partial filing fee.

Dkt. No. 13 at 2-5.

Nothing has changed. The court dismissed Case No. 19-cv-1901 because the plaintiff was not truthful with the court about his financial circumstances. The court does not know whether the plaintiff received its January 27, 2021 order—the order was not returned to the court as undeliverable—but the plaintiff has not given the court any explanation of why he was untruthful about his finances, or why he chose to spend his funds on phone calls and canteen rather than devoting those funds to paying filing fees for cases he chose to file.

The court also has explained to the plaintiff why it would not appoint counsel at this early stage. The plaintiff claims he tried to find counsel on his own, but has not provided the court with any proof of that fact. This case has been pending for almost a year and a half and the plaintiff has yet to demonstrate that he has tried to find a lawyer. His request for a lawyer is quite premature, given that he has not demonstrated an effort to find counsel on his own and the fact that he still has not paid the $14.83 initial partial filing fee.

The court has ordered the defendant to pay the $14.83 initial partial filing fee and he has failed to do so. Although it is unlikely, the court supposes it is possible that the plaintiff did not receive the court's January 27, 2021

order before he was transferred to FCI Beckley. The court will give the plaintiff a last chance to pay the initial partial filing fee. If the court does not receive the filing fee by the deadline set below, the court will dismiss the case. The court will not consider further motions to waive the initial partial filing fee.

On June 8, 2021, the court received from the plaintiff a notice that he had been transferred to FCI Beckley. Case No. 20-cv-1375 at Dkt. No. 15. In that letter, the plaintiff made no mention of the initial partial filing fee. The plaintiff asked, however, that the court allow him to add a defendant to "each" of his three remaining civil cases (he filed this motion in all three cases), as well as asking the court to send him four additional §1983 packets "so that [he] can add the State of Wisconsin to each defendant in each case." Id.

The court will not send the plaintiff another §1983 packet or allow him to add the State of Wisconsin as a defendant. The complaint appears to allege that two officers used excessive force against the plaintiff when they slammed his arm in his cell-door food chute for no reason. Dkt. No. 1 at 2-4. Section 1983 prohibits a "person" acting under color of state law from violating a plaintiff's civil rights. The State of Wisconsin is not a "person" that can be sued under §1983. See, *e.g.*, Omegbu v. Milwaukee Cty., 326 F. App'x 940, 942 (7th Cir. 2009) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989); Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't, 510 F.3d 681, 694 (7th Cir. 2007)).

The court **DENIES** the plaintiff's motion to waive the initial partial filing fee. Dkt. No. 14.

5
Case 2:20-cv-01375-PP   Filed 02/28/22   Page 5 of 6   Document 16

The court **DENIES** the plaintiff's motion to appoint counsel. Dkt. No. 14.

The court **DENIES** the plaintiff's letter request to add a defendant. Dkt. No. 15.

The court **ORDERS** that the plaintiff must send the $14.83 initial partial filing fee in time for the court to receive it by the end of the day on **March 25, 2022**. If the court does not receive the $14.83 initial partial filing fee by the end of the day on March 25, 2022, the court will dismiss this case without further notice or hearing.

Dated in Milwaukee, Wisconsin this 28th day of February, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**